**2015-1508**

*In the*

# United States Court of Appeals

*For the*

# Federal Circuit

In re: KEITH G. ASKOFF,

Appellant

_____

*Appeal from the United States Patent and
Trademark Office, Patent Trial and Appeal Board
in Serial No. 11/305,541*

# BRIEF OF APPELLANT KEITH G. ASKOFF

JOSEPH A. GRECO
ALFREDO A. BISMONTE
BECK, BISMONTE & FINLEY, LLP
150 Almaden Boulevard 10th Floor
San Jose, California 95113
(408) 938-7900 Telephone
(409) 938-0790 Facsimile

*Attorneys for Appellant,
Keith G. Askoff*

*Dated June 11, 2015*



## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 26.1 and 47.4, counsel for Appellant Keith G. Askoff certify the following:

1.     The full name of every party or amicus represented by us is:

Keith G. Askoff

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by us is:

Keith G. Askoff is the real party in interest.

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of any party represented by us are:

None

4.     The names of all law firms and the partners or associates that appeared for the parties now represented by us in the trial court or are expected to appear in this Court are:

Joseph A. Greco, Alfredo A. Bismonte
BECK, BISMONTE & FINLEY, LLP


Dated: June 11, 2015                    Respectfully submitted,

By: /s/ Joseph A. Greco
Joseph A. Greco
jgreco@beckllp.com
Alfredo A. Bismonte
abismonte@beckllp.com
BECK, BISMONTE & FINLEY, LLP
150 Almaden Blvd, 10th Floor
San Jose, CA 95113
(408) 938-7900

*Attorneys for Appellant Keith G. Askoff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF RELATED CASES ...................................................1

JURISDICTIONAL STATEMENT .........................................................1

I.     Statement of the Issues ..................................................................1

II.    Statement of the Case and the Facts .............................................2

    A.    Overview ................................................................................2

    B.    The Technology and the Patent Application ..........................5

        1.    Che .................................................................................6

        2.    Malik ..............................................................................7

        3.    Chow ..............................................................................9

    C.    The Patent Examiner's Rejections .......................................10

        1.    Claims directed to setting a portable communication
               device to hold calls prior to receipt of a call, such that
               it hold calls without action by a user at the time the
               call is received (claims 1, 2, 4-7, 10, 12, 15, 16, 19,
               24-28 and 30-33 .............................................................10

        2.    Claims directed to setting a portable communications
               device to provide a low volume indication when it is set
               to hold calls (claims 3, 8, 11, 14, 17 and 20-23)....................12

    D.    The Board's Ruling .............................................................14

        1.    Claims directed to setting a portable communication
               device to hold calls prior to receipt of a call, such
               that it holds calls without action by a user at the time
               the call is received...................................................................14

2.    Claims directed to setting a portable communications device to provide a low volume indication when it is set to hold calls ....................................................... 16

III.   Summary of Argument ................................................................ 16

A.    The Board Erred in Find the "Automatic Hold" Claims Obvious ...... 16

B.    The Board Erred in Finding the "Low Volume Indication" Claims Obvious ................................................................ 18

IV.    Argument ................................................................................. 19

A.    Standards of Review ......................................................... 19

B.    The Board Erred by Finding the "Automatic Hold" Claims Unpatentable under 35 U.S.C. § 103(a) Over Che and Malik ........... 20

1.    Malik does not disclose the automatic hold feature of claims 1 and 12 and their dependent claims ............................ 20

2.    It would not be obvious to modify Malik to automatically hold calls without user action at the time the call is received ..................................................................... 23

3.    There is no motivation to combine Che with Malik to arrive at the present invention, regardless of what Malik teaches ..................................................................... 28

C.    The Board Erred by Finding the "Low Volume Indication" Claims Unpatentable under 35 U.S.C. § 103(a) Over Che, Malik and Chow or Over Che and Chow ............................... 31

V.    Conclusion ............................................................................. 34

ADDENDUM

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**

*Baltimore & Ohio R.R. Co. v. Aberdeen & Rockfish R.R. Co.,*
    393 U.S. 87 (1968)..........................................................................21

*Consol. Edison Co. v. NLRB,*
    305 U.S. 197 (1938).........................................................................21

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,*
    381 F.3d 1371 (Fed. Cir. 2004) .....................................................30

*Institut Pasteur v. Focarino,*
    738 F.3d 1337 (Fed. Cir. 2013) .....................................................27

*In re Giannelli,*
    739 F.3d 1375 (Fed. Cir. 2014) ........................................24, 25, 33

*In re Gurley,*
    27 F.3d 551 (Fed. Cir. 1994) ...................................................27, 30

*In re Imes,*
    778 F.3d 1250 (Fed. Cir. 2015) .....................................................19

*In re Kahn,*
    441 F.3d 977 (Fed. Cir. 2006) ................................................24, 28

*In re Kotzab,*
    217 F.3d 1365 (Fed. Cir. 2000) .....................................................19

*In re Rijckaert,*
    9 F.3d 1531 (Fed. Cir. 1993) .........................................................27

*In re Zurko,*
    258 F.3d 1379 (Fed. Cir. 2001) .....................................................21

*KSR Int'l Co. v. Teleflex, Inc.,*
    550 U.S. 398 (2007)........................................24, 28, 30, 33

iii

*Leo Pharm. Prods., Ltd. v. Rea*,
    726 F.3d 1346 (Fed. Cir. 2013) ..............................................................29, 30

*McGinley v. Franklin Sports, Inc.*,
    262 F.3d 1339 (Fed. Cir. 2001) ..............................................................27, 30

*Medichem, S.A. v. Rolabo, S.L.*,
    437 F.3d 1157 (Fed. Cir. 2006) ....................................................................30

*Santaurus, Inc. v. Par Pharm., Inc.*,
    694 F.3d 1344 (Fed. Cir. 2012) ....................................................................30

*Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, ___ U.S. ___,
    135 S. Ct. 831 (2015).....................................................................................19

**Federal Rules**

Fed. R. App. P. 15(a) ...........................................................................................1

Fed. Cir. Rule 15(a)(1)..........................................................................................1

Fed. Cir. Rule 30(a)(3)(A) ....................................................................................2

Fed. Cir. Rule 47.5 ...............................................................................................1

**Statutes**

28 U.S.C. § 1295(a)(4)(A) ....................................................................................1

35 U.S.C. § 6(b) ...................................................................................................1

35 U.S.C. § 102 ..............................................................................................11, 13

35 U.S.C. § 103 ............................................................... 13, 16, 18, 20, 24, 31

35 U.S.C. § 142.....................................................................................................1

## STATEMENT OF RELATED CASES

Appellant Keith G. Askoff ("Askoff") is not aware of any related cases within the meaning of Fed. Cir. Rule 47.5. Askoff notes, however, that he has filed a continuation application in the United States Patent and Trademark Office based on the application whose rejected claims are the subject of this appeal.

## JURISDICTIONAL STATEMENT

Askoff appeals from the Decision on Appeal of the Patent Trial and Appeal Board, United States Patent and Trademark Office ("the Board") entered on January 13, 2015. A1-7. The Board had jurisdiction under 35 U.S.C. § 6(b). Askoff timely filed his appeal (A15-25; A9-10) from the Board's final decision under 35 U.S.C. § 142, Fed. R. App. P. 15(a) and Fed. Cir. Rule 15(a)(1). This Court has exclusive jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## I.    Statement of the Issues

1.    Did the Board err in finding that the Malik reference ("Malik") discloses automatic holding of a call?

2.    Did the Board err in finding that it would be obvious to modify Malik to automatically hold calls?

3.    Regardless of whether the Board's interpretation of Malik was error, did the Board err in finding that Malik combined with Che rendered Askoff's claims obvious, when Che teaches away from Askoff by allowing the user to

decide at the time a call is received whether to put the call on hold with an affirmative voice command that is directly contrary to Askoff s solution for the problems he seeks to solve?

4.      Does the prior art teaching that a cell phone may provide a low volume indication of an incoming call, such as vibration, by use of a setting specific to volume, make obvious setting a cell phone to provide a low volume indication in response to a user setting a different function – specifically a call holding function?

## II.    Statement of the Case and the Facts

### A.    Overview

The patent application under appeal, Application No. 11/305,541 ("Application"), was filed on December 16, 2005, and claims priority to Provisional Application No. 60/637,029, filed December 17, 2004.  A450 -72.  The Application describes and claims embodiments of a hold function for a portable communication device such as a cell phone and the benefits those features provide the user. A453; A456-59.   The rejected claims are included in the Appendix in their entirety as A95-99, as required by Fed. Cir. Rule 30(a)(3)(A).

The Application is directed towards solving a problem that Askoff recognized with cell phone use involving the receipt of a call, placing of a call on hold, and notification of an incoming call to the user.  A451-52; A463-64.  In

2

particular, the user may be in a location where taking a call would be disruptive or prohibited.  A451-52.  Moreover, merely reaching for the cell phone to press a hold button may be disruptive.  In such situations, it likely also would be disruptive for the phone to ring.  A451; A457.

Typically, despite the potential disruption of taking a call, users of cell phones often desire to take the call rather than have it go to voice mail or have the caller hang up because the caller does not want to leave a voice mail message. A451. The latter possibility may result from the caller receiving a verbal message similar to a voice mail greeting and mistakenly believing that he or she has been sent to voice mail, rather than temporarily put on hold.  *Id*.

Embodiments of the invention claimed in the Application address these problems.  In one embodiment, the Application claims setting a portable communication device to hold calls, prior to receipt of a call, so that when a call is received, the call is automatically put on hold without any user action at that time. A457.

The Application further teaches automatically setting the cell phone to provide a low volume indication of receipt of the call in response to the user setting the cell phone to hold calls.  A457-58.  Alternatively, the Application teaches providing a reminder to set the cell phone to provide a low volume indication of receipt of a call in response to the user setting the cell phone to hold calls.  *Id*.

A further embodiment provides for an indication, including a standard indication, to the caller that the call has been placed on hold, so that a caller will understand by virtue of the standard indication that he or she is on hold, and therefore will not mistakenly think the call has been sent to voice mail and thus hang up.  A458-59.  Askoff is not, however, appealing the rejection of independent claims 9 and 18, which include this limitation but not the other limitations discussed above.

The invention thus addresses these foregoing problems with cell phone use. For example, the invention will benefit a cell phone user who is in a meeting where it would be inappropriate to receive or answer a call, but who is expecting to receive an important call that must be answered rather than sent to voice mail.  By using the invention, the user does not have to disrupt the meeting by virtue of answering and beginning a conversation; nor does the user have to risk losing the call.  A451; A457.   Different aspects of the invention provide the user the optimal solution:  (1) the invention automatically places the call on hold without any action by the user, thus causing no disruption (A457); (2) it ensures that the user has set a low volume notification (*e.g.*, a vibration) when the call being put on hold comes in so that he or she can gracefully take a break to answer the call without the disruption of ringing (A457-58); and (3) it gives the caller an indication – *e.g.*, a

4

tone that immediately lets the caller know that the call has not been sent to voice mail and the user intends to answer the call shortly (A458-59).

Askoff addresses two sets of claims in this brief.  The first set consists of claims 1, 2, 4-7, 10, 12, 15, 16, 19, 24-28 and 30-33, which include the novel "automatic hold" limitation, but not the "low volume indication" limitation.  The second set consists of claims 3, 8, 11, 14, 17 and 20-23, which include the "low volume indication" limitation.  The Court should reverse their rejection because their "low volume indication" limitation renders them not obvious.  Of this second set, claims 3, 8, 14, and 17 also include the "automatic hold" limitation which is a separate and independent reason that the court should reverse their rejection for the reasons set forth with respect to the first set of claims.  In summary, Askoff asks that the Court reverse the Board's rejection of claims 1-8, 10-12, 14-17, 19-28 and 30-33.

### B.    The Technology and the Patent Application

The background technology is represented by the three references the Board relied on to affirm the Examiner's rejection of the claims:  (1) U.S. Patent Application Publication No. 2002/0191778A1 to Che entitled "Telephone Set with on Hold Function," ("Che") (A194-98); (2) U.S. Patent Application Publication No. 2005/00763388A1 to Malik entitled "Communications and Information Resource Manager," ("Malik") (A199; A217-23; A232-36); and (3) U.S. Patent

6,591,115B1 to Chow et al. entitled "Wireless Centrex Call Hold" ("Chow")

(A322; A383-84; A401).[1]

### 1.    Che

Che discloses a cellular telephone system whereby a user may place a caller on hold by issuing a voice command at the time a call is received.  As explained in Che at paragraph 0005 (A196), a cellular phone user may be available to take a certain call, and may want to take that call, but may need to delay answering by putting the call on hold.  Che explains that the user may be in a situation where the user's hands are not free at the time the call is received.  A196.  To solve this problem, Che discloses a cellular telephone that allows the user to use a verbal command to put that call on hold at the time the call is received.  A196-97.

Che does not disclose presetting a phone to automatically place a call on hold without user action when the call is received, but rather is directed to the situation where the user will make the decision when the call is received and will be able to effectuate the hold with a voice command.  Che does not address the situation where answering the call or even putting it on hold will be "disruptive."  Che's solution – issuing a voice command to put the call on hold – would itself be disruptive.

---

[1] Malik and Chow are voluminous references.  The indicated Appendix citations are to the first page of each reference and the other pages of the reference that Askoff has cited in this brief.

Che states at paragraph 0005 that when receiving an incoming call, "there are situations where the user is so engaged . . . or has his or hands so full that the call can't be answered immediately." A196. To provide the user a means to delay answering an incoming call at the time of receipt, Che's invention is described in paragraph 0018 as comprising a control unit "which causes the ringing unit 122 to start signaling to the user that an incoming call is available, for example by ringing or vibrating." A196. After determining that the user has not picked up the call, the control unit determines "whether the user has activated the on-hold function in response to the ringing signal." A197 (paragraph 0020). If the user issues a verbal command at the time of the incoming call, the system of Che then puts the call on hold. A197 (paragraphs 0020-21).

### 2.    Malik

Malik discloses a communications and information resource ("CIR") manager that manages communications of a user, such as texts, telephone calls, instant messages, e-mails and facsimiles that may be received on several devices. A217. Malik's CIR manages these communications, correlates information in relation to various communications, and provides for various functions, some of which are implemented by the system and others by the user. A218. Malik teaches that information regarding an incoming new communication can be "correlated" with that new communication, such as prior communications,

information about the caller, or other information.  A232-33; A235-36.  The user

may set preferences for whether and how this information is provided.  A219-21;

A223.  The CIR manager may be implemented "in or through use of the user's

personal computer," and may be functionally connected to "various

communications elements, networks, services or systems" including e-mail

systems.  A217.

Malik's primary concern thus is creating messages related to a

communication or providing information related to a communication.  For

example, when a telephone call is received, the CIR may display previous e-mails

to or from that caller on a computer.  A235-36.   As another example, Malik

discloses that a user may be on a conference call and receive a separate

communication, such as a telephone call, apart from the conference call, and the

CIR can display information regarding that incoming call.  A233.

In paragraph 0277 (A236), Malik notes that in addition to the presentation of

correlated information, such as messages about an incoming call, the user has

choices with regard to any new incoming call.  Specifically, the user's choices are:

> automatically responding to the call with a standard response such as
> a prerecorded message; responding to the message with a selected
> response such as a response selected from a variety of prerecorded
> messages; ignoring the call; taking the call; forwarding the call to
> voice mail; adding the call to a conference call; or playing an on-hold
> message to the call.

8

*Id.* Other than the automatic response with the prerecorded message, Malik does not disclose that any of the available actions are done automatically when the new call comes in. Rather, the user must make a decision, based on the information received about the incoming call, as to which action to initiate, and then must take action to implement that decision, such as sending the call to voice mail, putting it on hold, or adding it to the conference call. A235-36. Malik calls these options "action features" in its discussion of system capabilities. A233-34 (paragraphs 0252-56). Of course, if the user simply ignores the call, then presumably the caller would either hang up or the call would go into voice mail. But in any event, Malik does not disclose presetting a phone to automatically place a call on hold when the call is received.

### 3.     Chow

Chow is directed to providing certain wireless capabilities for traditional landline systems (called "wireline" in Chow). A383-84. In particular, businesses and universities often have campus-wide telecommunications networks. According to Chow, wireline services have cost advantages over wireless systems because of the high "air time" costs of wireless networks. A383. Chow teaches that wireline services also have significant functionality not present in wireless systems, such as Integrated Services Digital Network (ISDN) and centrex features and functionality. A383. Despite the cost and functionality benefits of the

wireline services, Chow states that such systems do not offer the mobility of wireless phones.  A322; A383.

Chow provides methods and apparatuses for allowing wireless devices to be used in conjunction with a wireline system to form a "wireless centrex system." A383.  Chow allows a cell phone to be used in conjunction with the centrex system, effectively as a "cordless" type phone.  A383.  When used in this mode, all communications proceed through the wireline system, with the wireless device having some or all of the functions of the wireline system, such as call hold.  A384. Chow does not disclose presetting a phone to automatically place a call on hold without user action when the call is received.

### C.   The Patent Examiner's Rejections

### 1.   Claims directed to setting a portable communication device to hold calls prior to receipt of a call, such that it hold calls without action by a user at the time the call is received (claims 1, 2, 4-7, 10, 12, 15, 16, 19, 24-28 and 30-33)

Claim 1 is representative of this set of rejected claims.  It claims an apparatus that includes the capability of setting a device, prior to a call being received, to hold calls without action by a user at the time the call is received. Claim 1 reads:

An apparatus comprising:

a portable communication device for receiving a communication;

a first device to establish a connection with said communication;

10

a second device for holding said communication; and,

wherein said apparatus is settable prior to receiving said communication to hold said communication without action by a user when said communication is received.

A95.   Independent claim 12 is a method claim that includes a step for that automatic holding of calls.  A96.

Initially, the Examiner rejected all claims under 35 U.S.C. §102 as unpatentable over Chow.  A314 (Office Action dated 12/29/2009).  After responsive argument by Askoff, however (*see* A303-04; A249-50), the Examiner stated that Askoff's arguments were persuasive and withdrew the rejections over Chow.  A181 (Office Action dated 2/17/2011).  But the Examiner then rejected claims 1, 2, 4-7, 10, 12, 15, 16, 19, and 24-28 as obvious over Che in view of Malik.  A181.  The Examiner maintained the same rejection in the Final Office Action dated 7/25/2011 (which also included dependent claims 30-33, which had been added in an interim amendment).  A150.  In these rejections, the Examiner stated that Malik *disclosed* a communication being placed on hold without action by a user when the communication is received.  A151.  Nevertheless, in the Examiner's Answer dated 4/13/2012, the Examiner stated that one skilled in the art would conceptualize that instead of the user manually handling each call, it is more efficient to have the CIR manager to be configured in advance and handle calls accordingly.  A81-82.  Therefore, it is not clear whether the Examiner found that

Malik rendered *obvious* placing a call on hold without action by the user at the time the call is received, or whether the Examiner relied solely on a finding that Malik *disclosed* that action.

>**2.**    **Claims directed to setting a portable communications device to provide a low volume indication when it is set to hold calls (claims 3, 8, 11, 14, 17 and 20-23)**

Claims 3, 8, 11, 14, 17 and 20-23 claim an apparatus or method that includes the step or capability of automatically setting the device to provide a low volume indication of receipt of a communication, or providing a reminder to do so, when the device is set to hold calls.  A95-98.  Claim 3 is representative of this set of rejected claims:

>The apparatus of claim 1, wherein setting said apparatus to hold said communication without action by said user, also either sets said apparatus to provide a low volume indication of an incoming communication or provides a reminder to said user to set said apparatus to provide a low volume indication of an incoming communication.

A95.  That is, an apparatus settable to hold calls (the device of claim 1, discussed above) also is adapted, upon being set to hold calls, to either (i) cause the device also to be set to a low volume indication of an incoming communication, or (ii) cause a reminder to be provided to the user to set such an indication.  Dependent

claims 3, 8, 14, and 17 additionally include the "automatic hold" limitation of their base claims as described in Section 1.[2]

Initially the Examiner rejected all claims under 35 U.S.C. § 102 as unpatentable over Chow. A314 (Office Action dated 12/29/2009). After responsive argument by Askoff, however (*see* A304; A250-51), the Examiner deemed Askoff's arguments to be persuasive and withdrew the rejections over Chow. A181 (Office Action dated 2/17/2011). But in this Office Action the Examiner rejected claims 21-23 under 35 U.S.C. § 102 as anticipated by Che. A190. In the final Office Action of 7/25/11, the Examiner rejected amended claims 21-23 under 35 U.S.C. § 103 as unpatentable over Che in view of Chow. A159. The Examiner finally rejected claims 3, 8, 14, 17 and 20 under 35 U.S.C. § 103(a) as unpatentable over Che in view of Malik and further in view of Chow. A157. For these latter claims, the Examiner relied on Che and/or Malik as disclosing limitations of their base claims for substantially the reasons described in Section 1, above. A157-59. The Examiner continued to rely on Chow as disclosing setting a cell phone to provide a low volume indication of an incoming call, citing column 38, lines 6-10, which discloses various methods of alerting a user of an incoming call, including vibration. A157-58 (citing Chow [A401]).

---

[2] Claim 3 is dependent on independent claim 1 and claim 8 is indirectly dependent on claim 1. Claims 14 and 17 are dependent on independent claim 12.

**D.     The Board's Ruling**

The Board affirmed all of the Examiner's rejections in a decision dated

January 13, 2015.  A1-7.

> **1.     Claims directed to setting a portable communication device to hold calls prior to receipt of a call, such that it holds calls without action by a user at the time the call is received**

The Board affirmed the Examiner's rejection of claims 1, 2, 4-7, 10, 12, 15,

16, 19, 24-28 and 30-33.  The Board stated:

> We agree with the Examiner's finding that Malik teaches two options for handling calls.  One option is automatic in which the CIR (Communications and Information Resource) manager can be preset to handle calls in advance for common functions and a second option in which the user can manually select how to handle calls with common functions.  In the case of automatic handling, the calls are handled without action by the user when the communication is received.  Malik teaches many functions being handled by the CIR manager, both preset automatically and manually.  *See* Ans. 17–19 (citing paragraphs 13, 134, 252, 253, and 277 of Malik).  For example, Malik expressly teaches at least: call forwarding (paragraphs 253 and 277), out of office (paragraph 139), ignore call (paragraphs 253 and 277), and call holding (paragraphs 253 and 277).  These functions are not exhaustive and it would have been obvious to one of ordinary skill in the art to identify and employ additional functions to be performed by the CIR manager automatically.

A3.

The first part of the above quoted portion of the Board's opinion appears to

hold that Malik *expressly teaches* at least call forwarding, out of office, ignore call

and *call holding* being performed "automatically." But the last sentence states that

the functions that Malik teaches may be pre-set automatically were not exhaustive

14

and that it would be *obvious* to *"*employ additional functions to be performed by the CIR manager automatically." Moreover, in another aspect of the opinion, the Board concluded that Askoff had not shown that call hold was different from the other functions of Malik:

> Appellant has provided no persuasive basis that a call hold function is different from any of the other functions identified in Malik and that such difference would lead one of ordinary skill in the art to consider the teaching of Malik for automatically providing response does not include hold calls.

A3.

The ambiguity of the Board's holding is also evident in the Board's acceptance of the Examiner's reasoning for the combination of Che and Malik, which quoted from the Examiner's answer:

> "Moreover, since Malik expressly describes that the CIR manager is configured in advance to handle the call, for example, place a call on hold. Thus, it is obvious to one skilled in the art [sic] combine these two references to arrive at the present invention because one skilled in the art would conceptualize that instead of having the use [sic] to manually handle each call, it is more efficient to have the CIR manager to be configured in advance and handle calls accordingly."

A4 (quoting Examiner's answer [A82]).

It is unclear, therefore, whether the Board held Askoff's invention to be rendered unpatentable by the combination of Che and Malik, or unpatentable based on an obvious modification of Malik combined with Che. Askoff addresses both possible interpretations in this brief.

15

2.    **Claims directed to setting a portable communications device to provide a low volume indication when it is set to hold calls**

The Board affirmed the Examiner's rejection of claims 3, 8, 11, 14, 17 and 20  over Che, Malik and Chow, finding that the proposed combination would teach automatically setting a low volume alert when the device is set to hold or a reminder to set a low volume alert when the device is set to hold.  A6.  The Board agreed with the Examiner's finding that Chow teaches (at column 38, lines 6-10) that a low volume alert, *e.g.*, a vibration, in a call hold environment is well known and that one of ordinary skill in the art would have employed this feature in the combination of Che and Malik.  A6 (citing Chow [A401]).  The Board upheld the Examiner's rejection of claims 21-23 over Che and Chow for the same reasons.  A6.

## III.    Summary of Argument

### A.    The Board Erred in Finding the "Automatic Hold" Claims Obvious

The Board erred in ruling that Che and Malik invalidate claims 1, 2, 4-7, 10, 12, 15, 16, 19, 24-28 and 30-33 under 35 U.S.C. § 103(a).  These are apparatus and method claims directed to setting a portable communications device, such as a cell phone, to hold calls without action by the user at the time the call is received.  It is unclear whether the Board ruled that the invention is disclosed by the combination of Che and Malik alone, or that it would be obvious to modify the combination to

16

result in the claimed combination.  Either conclusion is wrong.  There is no substantial evidence to support the conclusion that Che, Malik or any combination discloses setting a device to hold calls without action by the user when a communication is received, and it would not be obvious to modify the proposed combination.  Accordingly, the rejections should be reversed.

Malik explicitly discloses call hold as a function to be handled *manually* at the time a call is received.  Call hold is one of Malik's "action features."  A233-34.  There is no substantial evidence that Malik teaches automatic call hold as required by Askoff's claims.  Malik's disclosure of manual call hold teaches away from setting any device, prior to receipt of a communication, to hold the communication without action at the time of receipt. Additionally, Malik is directed to a specific environment of a wireless centrex system.  Malik is not directed to cell phone use apart from such a system, which is the environment in which Askoff's pre-set automatic hold function is important.  It would not be obvious to modify Malik to yield Askoff's automatic call hold and no combination of Malik with any of the art of record results in the combination of elements Askoff claimed.

Regardless of how Malik is interpreted, however, the Board erred in finding motivation to combine Che and Malik.  Che is directed to a specific means of putting a call on hold *after* the phone has signaled an incoming call.  Che seeks to solve the problem of a user who wants to take the call but whose hands are busy

17

and cannot manually place the call on hold.  Unlike Askoff, Che is unconcerned about whether the user answering the call or manually placing it on hold will be disruptive.  Indeed, Che's solution – the affirmative voice command to effect a call hold – is disruptive and directly contrary to Askoff's solution in that respect.  Thus, even if Malik disclosed automatic call holding in Malik's CIR environment, combining Malik with Che to result in a cell phone where hold is entered automatically without action by the user is improper hindsight modification of the prior art.  There is no reason to conclude that the line of development flowing from Che's disclosure would suggest the path taken by Askoff, regardless of what Malik discloses.

## B.    The Board Erred in Finding the "Low Volume Indication" Claims Obvious

The Board erred in ruling that claims 3, 8, 11, 14, 17, and 20-23 are invalid under 35 U.S.C. § 103(a).  The Board affirmed the Examiner's decision that claims 21-23 are obvious over Che in view of Chow, and that claims 3, 8, 11, 14, 17 and 20 are obvious over Che in view of Malik and further in view of Chow.  These apparatus and method claims are directed to automatically setting a device to provide a low volume indication of receipt of a communication, or providing a reminder to do so, when the device is set to hold calls.

The Board agreed with the Examiner that "Chow, at column 38, lines 6–10, teaches a low volume alert, *e.g.,* a vibration, in a call hold environment is well

known and that one of ordinary skill in the art would have employed this feature in the combination of Che and Malik." A6 (citing Chow [A401]). But this conclusion misses the point. There is no substantial evidence that Chow, or any of the references, teach setting a device to a low volume indication of an incoming call, or providing a reminder to do so, *in response to the user setting a separate function such as call hold*. The Board erred in rejecting these claims for this reason alone. The Board also erred in rejecting claims 3, 8, 14, and 17 because they also include the "automatic hold" limitation discussed above.

## IV.    Argument

### A.    Standards of Review

This Court reviews the Board's factual findings for substantial evidence and reviews the Board's legal conclusions, including obviousness, de novo. *In re Imes*, 778 F.3d 1250, 1252 (Fed. Cir. 2015) (citing *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000)). To the extent the Board's decision rests on claim construction that is not dependent on factual findings, this Court also reviews the Board's claim construction de novo. *Imes*, 778 F.3d at 1252 n.1. The Board did not make any factual findings supporting claim construction in this matter that would implicate the deferential review referenced in *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.,* ___ U.S. ___, 135 S. Ct. 831, 841-42 (2015).

19

**B.    The Board Erred by Finding the "Automatic Hold" Claims Unpatentable under 35 U.S.C. § 103(a) Over Che and Malik**

    **1.    Malik does not disclose the automatic hold feature of claims 1 and 12 and their dependent claims**

With respect to independent Claims 1 and 12, the Final Office Action of July 25, 2011 states:

> Che, however, does not expressly disclose wherein said apparatus is settable prior to receiving said communication to hold said communication without action by a user when said communication is received.

> In a similar endeavor, Malik discloses communications and information resource manager.  Malik also discloses wherein said apparatus is settable prior to receiving said communication to hold said communication without action by a user when said communication is received (paragraphs 0009, 0017, 0039-0047 and 0268- 0277).

A151 (citing Malik [A217-20; A235-36]). The Board affirmed, reasoning that Malik discloses that the CIR (Communications and Information Resource) manager can be preset to handle calls in advance for common functions and discloses a second "option" in which the user can manually select how to handle calls with common functions.  A3.

The Board's decision is based on an unsupported conclusion that Malik teaches that manual and automatic handling of calls are two "options" that may be used for any type of function in any situation.  Malik contains no such disclosure, and thus the Board's finding on this issue is not supported by substantial evidence. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept

20

as adequate to support a conclusion.'"  *In re Zurko*, 258 F.3d 1379, 1384 (Fed. Cir. 2001) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)).  As this Court held in *Zurko*:

> With respect to core factual findings in a determination of patentability … the Board cannot simply reach conclusions based on its own understanding or experience – or on its assessment of what would be basic knowledge or common sense.  Rather, the Board must point to some concrete evidence in the record in support of these findings.  To hold otherwise would render the process of appellate review for substantial evidence on the record a meaningless exercise.

*Zurko*, 258 F.3d at 1386 (footnote omitted) (citing *Baltimore & Ohio R.R. Co. v. Aberdeen & Rockfish R.R. Co.,* 393 U.S. 87, 91-92 (1968)).

The "hold call" function is only disclosed by Malik as being manually selected.  Malik specifies, in paragraph 277, that in the system it discloses:

> The choices for call handling may include: automatically responding to the call with a standard response such as a prerecorded message; responding to the message with a selected response such as a response selected from a variety of prerecorded messages; ignoring the call; taking the call; forwarding the call to voice mail; adding the call to a conference call; or playing an on-hold message to the call.

A236.  The only action that Malik explicitly discloses as being performed "automatically" is "responding to the call with a standard response such as a prerecorded message."  *Id.*  The rest of the actions are not described as "automatic" or "preset."  The word "automatically" clearly only modifies the immediately following phrase, *i.e.*, "responding to the call with a standard response such as a prerecorded message."  It is unreasonable to conclude otherwise based on the text.

21

For example, it makes no sense that "taking the call" or "ignoring the call" or "adding the call to a conference call" would be preset and done "automatically" before the user even knows the identity of the caller and information about the caller, which is Malik's primary concern. Nor does it make sense that "forwarding the call to voice mail" or "responding to the message with a *selected* response such as a response *selected* from a variety of prerecorded messages" (emphasis added) are preset and done automatically; otherwise, these actions would be subsumed by the first clause, "automatically responding to the call with a standard response such as a prerecorded message."

Moreover, when the above passage is read in the context of Malik's additional disclosures, it is even clearer that Malik does not disclose "playing an on-hold message to the call" as being automatic or preset.

Referring to the sections of Malik relied on by the Board, paragraph 0013 teaches that once the CIR manager receives data about a communication received for the user, it may provide some type of indication of receipt of the data, such as an icon on the user's computer. A218. Paragraphs 134 and 252 disclose that the CIR manager may be configured to send a response to a message automatically, or query the user to send a response. A225-26; A233. Several of the responses are referred to as "action features." The action features are disclosed in paragraph 253 as including: ignoring the call; taking the call; forwarding the call to voice mail;

playing an on-hold message to the call; and linking the call to an on-going

conference call.  A233.  The action features are illustrated in Figure 10 as buttons

on a display on the user's computer screen.  A210.

Thus, paragraph 277 of Malik (A236), described above, must be read as

written – *i.e.*, as disclosing "automatically responding to the call with a standard

response such as a prerecorded message" as the only preset or "automatic" option.

The remaining options, including "playing an on-hold message to the call," are not

"preset" or "automatic," but instead are the "action features" (A233) that the user

performs manually at the time the call is received.  There is no substantial evidence

that Malik discloses setting any device to automatically hold calls without action

by the user at the time the call is received.

>    **2.    It would not be obvious to modify Malik to automatically**
>        **hold calls without user action at the time the call is received**

Despite the Board's unsupported reading of Malik as teaching automatic

sending of a call to hold, the Board appears to recognize that the combination of

Che and Malik actually would require further modification to yield Askoff's

invention.  The Board states that it would have been *obvious* for the CIR to

automatically perform *additional* functions to the only one – playing a standard

response – that was disclosed as being performed automatically. A3.

This conclusion is based on speculation that Malik's system has the

capability to be programmed to provide the claimed functionality of Askoff's

invention, and that it would be obvious to preset automatically any function that Malik might be capable of accommodating.  Even assuming for sake of argument that Malik theoretically could be so modified, that would not be sufficient under U.S.C. § 103(a).  The Supreme Court has recognized that an obviousness analysis "need not seek out precise teachings directed to the specific subject matter of the challenged claim," but also that:

> "[R]ejections on obviousness grounds cannot be sustained by mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness."

*KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 418 (2007) (quoting *In re Kahn,* 441 F.3d 977, 988 (Fed. Cir. 2006)).  The *KSR* Court pointed out that:

> [I]t can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does. This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known.

*KSR*, 550 U.S. at 418-19.

In *In re Giannelli*, 739 F.3d 1375 (Fed. Cir. 2014), this Court reversed the Board's finding that a prior art chest press machine rendered obvious the applicant's claims directed to a rowing machine.  The Court reasoned that:

> Physical capability alone does not render obvious that which is contraindicated.  And, on this record, it is not obvious to modify a machine with handles designed to be pushed to one with handles

24

> adapted to be pulled.  A chest press machine is not a rowing machine, nor has evidence been shown that it is.

*Id.* at 1380.  Similarly, the Board here provided no reason why one skilled in the art would be motivated to modify Malik in light of the context of Malik's invention, other than citing the Examiner's vague and unsupported reference to "efficiency." A4.

Malik is concerned with correlating and presenting information to users.  Malik is directed to a communications and information resource (CIR) manager that manages several disparate resources such as computer, telephone, facsimile and messaging devices. A217.  As described in paragraphs 261-71, a user may be involved in an interactive activity such as a telephone call or conference call.  A234-35.  Malik discloses that the user may at that time receive an additional communication, such as another call, an e-mail, etc.  *Id.*  The system will correlate information with respect to the new communication – such as e-mails previously sent or received. *Id.*  Malik is directed to configuring and handling the types of information correlated and the manner of how that information is presented to the user.  A234-36.

Following the discussion in paragraphs 265-68 of Malik regarding presentation of messages to the user regarding the new communication, paragraph 277 then describes what a user in this situation may do with the communication itself.  A236.  In this example the user may be on a conference call, and receiving a

25

new call from a caller.  A234-36.  The user may have preset a standard response

that will be played to the caller.  A236.  While Malik does not describe this

function in any detail, presumably a user may set his or her system such that when

on a conference call, no other calls will be answered.  As discussed above,

however, Malik clearly describes all other options as being performed manually.

In particular, Malik's main purpose is to provide correlated information to the user

to aid the user in *making choices* with respect to handling the call *at the time the*

*call is received*.  For example, as described in paragraph 272 of Malik, the system

may provide information related to the caller such as name and phone number of

the caller, or more particularized information such as appointments that the user

may have with the caller, as obtained from the user's calendar.  A235-36.  With

this information, the user may then take one of the "action functions" such as

sending the call to voice mail, putting it on hold, or adding it to the conference call.

A233; A236.

Malik's focus is on providing information about the identity of incoming

calls to allow the user to make a decision on how to handle them.  This is the

opposite of Askoff's focus on allowing the user to set the phone before the call is

received so that the call is held at the time it is received without user action.  Thus,

Malik teaches away from Askoff's invention.  As this Court has stated:

26

> We have noted elsewhere, as a "useful general rule," that references
> that teach away cannot serve to create a prima facie case of
> obviousness.

*McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1354 (Fed. Cir. 2001) (citing *In re Gurley*, 27 F.3d 551, 553 (Fed. Cir. 1994)).  There is no reason to modify Malik to include Askoff's claimed functionality.  The Board did not identify any substantial evidence to support any motivation to make the modification.

The Board appeared to require Askoff to have made a prima facie case of patentability by stating that "Appellant has provided no persuasive basis that a call hold function is different from any of the other functions identified in Malik."  A3. It was not proper to place on Askoff this burden of showing that the proposed combination and modification would not be obvious to one of skill in the art because "the PTO bears the burden of demonstrating a prima facie case of obviousness."  *Institut Pasteur v. Focarino,* 738 F.3d 1337, 1345 (Fed. Cir. 2013) (*citing In re Rijckaert*, 9 F.3d 1531, 1532 (Fed. Cir. 1993)).  Nevertheless, as shown above, the Board was wrong in concluding that there is no persuasive basis that a call hold function is different from the other functions identified in Malik.

Askoff's application is the only teaching or suggestion of the desirability of having calls go to hold without action by the user at the time of receipt. There is no substantial evidence to support the Board's hindsight reconstruction of Malik in combination with Che.

27

### 3.    There is no motivation to combine Che with Malik to arrive at the present invention, regardless of what Malik teaches

Even if assuming for sake of argument that Malik either discloses automatic hold or renders it obvious outside the context of cell phones unconnected to a central system, there is no motivation to combine Che with Malik to yield Askoff's claimed invention. This represents an additional basis to reverse the Board's decision.

The Board affirmed the combination of Che and Malik by referring to the Examiner's conclusory statement set forth in section II.D.1, *supra*, that "one skilled in the art would conceptualize that instead of having the use[r] to manually handle each call, it is more efficient to have the CIR manager to be configured in advance and handle calls accordingly."  A4 (quoting Examiner [A82]).

That the Examiner described merely the generalized nature of handling calls "accordingly" and the "efficiency" of having Malik's CIR do so underscores that the Examiner did not satisfy the requirements of *KSR,* discussed above, that  "some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness" must accompany an obviousness rejection.  *KSR*, 550 U.S. at 418 (quoting *In re Kahn*, 441 F.3d at 988).  Here, in affirming the Examiner, the Board provided no reasoning as to why one skilled in the art would be motivated to modify Che to provide for a preset, automatic hold.  In fact, Che

28

teaches away from such a combination and modification that would be required to arrive at Askoff's invention.

As described in Che in paragraph 0005, the prior art had not addressed the situation of a cell phone user being available to take a call, and wanting to take that call, but the user's hands being full so that the call cannot be answered or put on hold immediately.  A196.  To remedy this, Che discloses and claims a cell phone system with a voice interface, either integral with or separate from the phone, to allow the user to issue a voice command to place the call on hold.  The user may then answer the call when his or her hands are available.  A196-97.  Che's invention is thus premised on the user being in a place where he or she can issue a voice command without adverse consequences.  Che is not concerned with the user's voice command causing disruption.  This is precisely the opposite of the situation in which Askoff's invention is intended to be used.  A451-52; A457-58.  Indeed, it would be much less disruptive for a user in a meeting to pull the cell phone out of his or her pocket and hit a "hold" button than to use Che's voice command to hold the call.  Thus, Che does not recognize "disruption" caused by placing a call on hold as a problem to be solved, while that disruption problem is the central focus of Askoff's invention.  As this Court has noted, "an invention can often be the recognition of a problem itself."  *Leo Pharm. Prods., Ltd. v. Rea*, 726

F.3d 1346, 1353 (Fed. Cir. 2013) (citing *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,* 381 F.3d 1371, 1377 (Fed. Cir. 2004)).

The proposed combination of Che and Malik, and modification of that combination to result in a method and apparatus that automatically holds calls at the time of receipt, would thus have nothing to do with the problem that Che was trying to solve.   This Court has stated that:

> A reference "teaches away" when it "suggests that the line of development flowing from the reference's disclosure is unlikely to be productive of the result sought by the applicant."

*Santaurus, Inc. v. Par Pharm., Inc.*, 694 F.3d 1344, 1354 (Fed. Cir. 2012) (quoting *Medichem, S.A. v. Rolabo, S.L.,* 437 F.3d 1157, 1165 (Fed. Cir. 2006) (quoting *In re Gurley,* 27 F.3d 551, 553 (Fed. Cir. 1994)).   Here, Che's "line of development" is to provide a way to answer cell phone calls when a user's hands are not free but when the user can freely use his or her voice to effect a call hold.   Che thus teaches away from Askoff's disruption-preventing invention and should not be considered as an invalidating reference. *McGinley,* 262 F.3d at 1353-54.   The Board provided no reasoning to support the modification of Che to include a feature – preset, automatic call hold – that had nothing to do with the problem Che's invention purported to solve.   *KSR,* 550 U.S. at 418.   Therefore, the Board's obviousness conclusion based on the combination of Che and Malik is not

supported by substantial evidence.  This Court should reverse the Board's

rejection of claims 1, 2, 4-7, 10, 12, 15, 16, 19, 24-28 and 30-33.

### C.    The Board Erred by Finding the "Low Volume Indication" Claims Unpatentable under 35 U.S.C. § 103(a) Over Che, Malik and Chow or Over Che and Chow

The Board affirmed the Examiner's conclusion that Chow in combination

with Che and Malik teach automatically setting a low volume alert when the device

is set to hold or providing a reminder to set a low volume alert when the device is

set to hold.  A6.  The Board agreed with the Examiner that Chow, at column 38,

lines 6-10, teaches that a low volume alert in a call hold environment is well

known and that one of ordinary skill in the art would have employed this feature in

the combination of Che and Malik.  A6 (citing Examiner's Answer dated

4/13/2012 [A74-75; A83-84]).

The Board's finding is not supported by substantial evidence.  The cited

section of Chow states:

> When the mobile unit MS 101 receives the Alert-with-info 516 message, it notifies the user through, for example, ringing (or an audible noise, vibrating, indicator lights, or a visual message display) that there is an incoming call (i.e., someone is calling them).

A401.  This merely teaches that some type of indication of an incoming call, such

as ringing or vibrating, is known in the art.  It, in combination with Che and Malik,

does not result in the present invention or make it obvious.

31

Askoff does not dispute that indications of incoming calls, including low volume indications, were known, and that it was known that cell phones can be set to provide such indications.  That does not, however, render Askoff's invention obvious.

The proposed combination of Che, Malik and Chow merely results in a cell phone that may be set to a low volume indication that a call is incoming – nothing more, really, than simply turning down the volume of the "ringer" on a traditional telephone or providing a vibration rather than a ring tone.  No combination of Che, Malik and Chow results in a portable communication device that either (i) is set to provide a low volume indication of an incoming call *when* such device is set to send calls to hold, or (ii) provides a reminder to set a low volume indication of an incoming call *when* such device is set to send calls to hold.

While the Board appears to speculate that cited prior art systems might be modifiable to provide the capability to set one function (or provide a reminder to do so) when a separate function is set, there is no such teaching, and certainly no teaching of the specific feature of setting a cell phone to provide a low volume indication of an incoming call when the device is set to hold calls.  Askoff's Application recognizes that in a situation where automatic hold on a cell phone may be desirable, it also may be desirable to have a low volume indication of an

incoming call, and recognizes that a user may forget to set such an indication in that specific situation.  A458.

Despite teaching a wide variety of features and functionality, including various settings and actions that occur either automatically or manually, none of the prior art provides any teaching of setting a cell phone to a low volume indication *when* the phone is set to hold calls.  The prior art does not provide motivation to modify any disclosed system to do so, and the Board failed to provide any reasoning why such a motivation would exist.  *KSR,* 550 U.S. at 418. Mere physical capability alone is insufficient to establish obviousness.  *Giannelli*, 739 F.3d at 1380.  Therefore, the Court should reverse the Board's rejection of claims 3, 8, 11, 14, 17 and 20-23 on the basis of their "low volume indication" limitation alone.  The Board also should reverse the rejection of claims 3, 8, 14, 17 and 20, which include the "automatic" hold limitation, for the reasons stated in Section IV.B, *supra.*

**V.    Conclusion**

The prior art does not teach or suggest any embodiment of the present

invention.  The Court should therefore reverse the Board's decision that claims 1-

8, 10-12, 14-17, 19-28 and 30-33 are not patentable.

Dated: June 11, 2015                    Respectfully submitted,

                                      By: /s/ Joseph A. Greco
                                          Joseph A. Greco
                                        jgreco@beckllp.com
                                        Alfredo A. Bismonte
                                        abismonte@beckllp.com
                                        BECK, BISMONTE & FINLEY, LLP
                                        150 Almaden Blvd, 10th Floor
                                        San Jose, CA 95113
                                        (408) 938-7900

                                    *Attorneys for Appellant Keith G. Askoff*

# ADDENDUM

UNITED STATES PATENT AND TRADEMARK OFFICE

————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————————

*Ex parte* KEITH G. ASKOFF

————————

Appeal 2012-009766
Application 11/305,541[1]
Technology Center 2600

————————

Before MAHSHID D. SAADAT, MICHAEL J. STRAUSS, and
CARL L. SILVERMAN, *Administrative Patent Judges*.

SILVERMAN, *Administrative Patent Judge*.


DECISION ON APPEAL

Appellant appeals under 35 U.S.C. § 134(a) from the Examiner's final
rejection of claims 1–12, 14–28, and 30–33. We have jurisdiction under
35 U.S.C. § 6(b).

We AFFIRM.


STATEMENT OF THE CASE

Appellant's invention is directed to a communication system in which
an incoming call may be placed on hold. Spec. 22. Independent claim 1,
reproduced below, is representative of the subject matter on appeal:

---

[1] The real party in interest is Keith G. Askoff. (App. Br. 2).

Appeal 2012-009766
Application 11/305,541

> 1.   An apparatus comprising:
>
> a portable communication device for receiving a communication;
> a first device to establish a connection with said communication;
> a second device for holding said communication; and,
> wherein said apparatus is settable prior to receiving said communication to hold said communication without action by a user when said communication is received.

Appeal Br. 10.

## REJECTIONS

The following rejections are before us for review:

Claims 1, 2, 4–7, 9, 10, 12, 15, 16, 18, 19, 24–28, and 30–33 stand rejected under 35 U.S.C. § 103(a) over Che et al. ("Che," US 2002/0191778 A1, published Dec. 19, 2002) in view of Malik ("Malik," US 2005/0076338 A1, published Apr. 7, 2005).

Claims 3, 8, 11, 14, 17, and 20 stand rejected under 35 U.S.C. § 103(a) over Che in view of Malik and further in view of Chow et al. ("Chow," US 6,591,115 B1, issued July 8, 2003).

Claims 21–23 stand rejected under 35 U.S.C. § 103(a) over Che in view of Chow.

## ANALYSIS

*THE 35 U.S.C. § 103(a) REJECTION OF CLAIMS 1, 2, 4–7, 9, 10, 12, 15, 16, 18, 19, 24–28, and 30–33 OVER CHE IN VIEW OF MALIK*

*Claims 1 and 12*

The Examiner cites Che for teaching all the recited features in claims 1 and 12, except for the limitation "wherein said apparatus is settable prior to receiving said communication to hold said communication without action

A2

Appeal 2012-009766
Application 11/305,541

by a user when said communication is received," and cites Malik for this limitation. Ans. 5–6. Appellant argues Malik does not teach this limitation because Malik does not teach setting the device in advance such that when a call is received, it goes into hold without action by the user at that time. App. Br. 4–5.

We agree with the Examiner's finding that Malik teaches two options for handling calls. One option is automatic in which the CIR (Communications and Information Resource) manager can be preset to handle calls in advance for common functions and a second option in which the user can manually select how to handle calls with common functions. In the case of the automatic handling, the calls are handled without action by the user when the communication is received. Malik teaches many functions being handled by the CIR manager, both preset automatically and manually. *See* Ans. 17–19 (citing paragraphs 13, 134, 252, 253, and 277 of Malik). For example, Malik expressly teaches at least: call forwarding (paragraphs 253 and 277), out of office (paragraph 139), ignore call (paragraphs 253 and 277), and call holding (paragraphs 253 and 277). These functions are not exhaustive and it would have been obvious to one of ordinary skill in the art to identify and employ additional functions to be performed by the CIR manager automatically.

Appellant has provided no persuasive basis that a call hold function is different from any of the other functions identified in Malik and that such difference would lead one of ordinary skill in the art to consider the teaching of Malik for automatically providing response does not include hold calls.

A3

Appeal 2012-009766
Application 11/305,541

In view of our finding that Malik does teach the disputed limitation, we are not persuaded by Appellant's argument that the combination of Che and Malik does not result in the claimed invention.

We are not persuaded by Appellant's argument that the Examiner erred in combining the references because there is no motivation or reasoned basis to make the combination of Che and Malik. *See* App. Br. 4–5. We note that, in view of *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007), motivation is not a rigid requirement as there are other indicia to consider.

> "...some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness" . . . [H]owever, the analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ.

*KSR*, 550 U.S. at 418 (quoting *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006)).

We agree with the Examiner's reasoning and its factual underpinning and this is adequate basis for the combination of Che and Malik, as stated below.

> Moreover, since Malik expressly describes that the CIR manager is configured in advance to handle the call, for example, place a call on hold. Thus, it is obvious to one skilled in the art [sic] combine these two references to arrive at the present invention because one skilled in the art would conceptualize that instead of having the use [sic] to manually handle each call, it is more efficient to have the CIR manager to be configured in advance and handle calls accordingly.

Ans. 20.

In view of the foregoing, we sustain the rejection of claims 1 and 12 over Che and Malik. Dependent claims 2, 4–7, 15, 16, 25, 27, and 30–33

A4

Appeal 2012-009766
Application 11/305,541

were not separately argued and, therefore, we sustain the rejection of these claims.

*Claims 9 and 18*

We are not persuaded by Appellant's argument that the Examiner erred because Malik does not disclose providing a "standard indication" to a caller that the call has been placed on hold, as set forth in independent claims 9 and 18. Appellant argues the term "standard indication," as used in the Specification at paragraph 18, means that some proportion of users understand the meaning of a standard *a priori*. App. Br. 6–7.

"A claim in a patent application is given the broadest reasonable interpretation consistent with the Specification, as understood by one of ordinary skill in the art." *In re Crish*, 393 F.3d 1253, 1256 (Fed. Cir. 2004). "Great care should be taken to avoid reading limitations of the Specification into the claims." *E-Pass Techs., Inc. v. 3Com Corp.*, 343 F.3d 1364, 1369 (Fed. Cir. 2003).

Based on the broadest reasonable interpretation by one of ordinary skill in the art, and consistent with the Specification, we agree with the Examiner's finding that a common message of hold, such as in paragraph 277 of Malik, encompasses the recited "standard indication." *See* Ans. 20.

Accordingly, we sustain the rejection of independent claims 9, 18, dependent claim 24, and dependent claims 10, 19, 26, and 28 that were not argued separately, under 35 U.S.C. § 103(a) over Che and Malik.

Appeal 2012-009766
Application 11/305,541

*THE 35 U.S.C. § 103(A) REJECTION OF CLAIMS 3, 8, 11, 14, 17, AND 20*
*OVER CHE, MALIK, AND CHOW*

We are not persuaded by Appellant's argument that the Examiner
erred because Chow in combination with Che and Malik would not teach
automatically setting a low volume alert when the device is set to hold or a
reminder to set a low volume alert when the device is set to hold.  App. Br.
7–8.  We agree with the Examiner's finding that Chow, at column 38, lines
6–10, teaches a low volume alert, e.g., a vibration, in a call hold
environment is well known and that one of ordinary skill in the art would
have employed this feature in the combination of Che and Malik.  *See* Ans.
12–13 and 21–22.

Accordingly, we sustain the rejection of claims 3, 8, 11, 14, 17, and
20 under 35 U.S.C. § 103(a) over Che, Malik, and Chow.

*THE 35 U.S.C. § 103(A) REJECTION OF CLAIMS 21–23 OVER CHE AND*
*CHOW*

We are not persuaded of the Examiner's error by Appellant's
argument that the combination of Che and Chow would not result in the
claimed invention for the same reasons discussed above in connection with
the rejection of claims 3, 8, 11, 14, 17, and 20.  App. Br. 8–9.

Accordingly, we sustain the 35 U.S.C. § 103(a) rejection of
independent claim 21 and dependent claims 22 and 23 that were not argued
separately over Che and Chow.

DECISION

For the above reasons, the Examiner's decision rejecting claims 1–12,
14–28, and 30–33 is Affirmed.

A6

Appeal 2012-009766
Application 11/305,541

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a). *See* 37 C.F.R. § 1.136(a) (1)(iv).

<u>AFFIRMED</u>

mls

A7

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 12th day of June, 2015, I electronically filed the foregoing Appellant's Opening Brief with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered users:

Nathan K. Kelley
nathan.kelley@uspto.gov
Jeremiah Helm
Jeremiah.Helm@uspto.gov
Joseph Gerard Piccolo
joseph.piccolo@uspto.gov
UNITED STATES PATENT AND TRADEMARK OFFICE
PO Box 1450 Mail Stop 8
Alexandria, Virginia 22313

***Counsel for Appellee***

I further certify that, upon acceptance and request from the Court, the required paper copies of the foregoing will be deposited with United Parcel Service for delivery to the Clerk, United States Court of Appeals for the Federal Circuit, 717 Madison Place, N.W., Washington, D.C. 20439.

  s/  Kirstin E. Largent

## <u>CERTIFICATE OF COMPLIANCE</u>

Counsel for Appellant Keith G. Askoff hereby certifies that the foregoing brief complies with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.  Based on the word count tool for the software used to prepare the foregoing brief, the number of words in the brief, excluding the sections excludable under Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure and Federal Circuit Rule 32(b), is 8,128.

Dated: June 11, 2015                    Respectfully submitted,

By: /s/ Joseph A. Greco
    Joseph A. Greco
    jgreco@beckllp.com
    Alfredo A. Bismonte
    abismonte@beckllp.com
    BECK, BISMONTE & FINLEY, LLP
    150 Almaden Blvd, 10th Floor
    San Jose, CA 95113
    (408) 938-7900

*Attorneys for Appellant Keith G. Askoff*